QUESTION: Must the Auditor General require that municipalities adopt written accounting and bookkeeping procedures?
SUMMARY: Under the Rules of the Auditor General, Ch. 10.500, municipalities must continue to keep accounting and bookkeeping records — either written or by electronic data processing — that comply with accepted accounting principles and, in addition, must provide documentary support for the disbursement of all money and incurrence of all liabilities. A written plan of organization designating the areas of responsibility with respect to the fiscal affairs of the municipality must also be adopted. Former s. 167.611, supra, required municipalities whose total annual budgets from all sources equaled fifty thousand dollars or more to "adopt written accounting and bookkeeping procedures" (Emphasis supplied.) which included, but were not limited to, procedures that complied with accepted accounting practices and standards and good internal control, traced receipts from source to deposit, accounted for inventory and assets from acquisition to final disposition, and accounted for the disbursement of all funds. In repealing this section, the Municipal Home Rule Powers Act, Ch. 73- 129, Laws of Florida (s. 166.241, F.S.), requires municipalities to make provision for annual postaudit of their financial accounts "in accordance with the rules of the auditor general" and further provides that"[i]t is the legislative intent that the rules of the auditor general impose substantially the same requirements as formerly contained in s. 167.611." (See also Ch. 73-349, Laws of Florida [the Uniform Local Government Financial Management and Reporting Act, ss. 218.31-218.36, F.S.], authorizing the Department of Banking and Finance to "make such reasonable rules and regulations regarding uniform accounting practices and procedures by units of local government . . . as it deems necessary to assure the use of proper accounting and fiscal management techniques by such units." I am advised that such rules as to municipalities are in the process of formulation.) A reading of the applicable Rules of the Auditor General, Ch. 10.500, Annual Postaudit Requirements of Municipalities, shows unequivocally that the accounting and bookkeeping requirements of former s. 167.611, supra, have been strengthened and tightened, rather than relaxed. As "accounting and bookkeeping procedures" (Emphasis supplied.) necessarily require written books of account, the omission in the rules of the word "written" preceding the words "accounting and bookkeeping procedures" can have no significance except to authorize the use of electronic data processing in connection with some of the municipality's records, instead of the more cumbersome written record. (See s. 92.36, F.S., defining a "business record" under the Uniform Business Records as Evidence Act to include a record kept by means of electronic data processing.) The remainder of the auditor general's rules not only "track" the statute but significantly clarify the statutory requirements. For example, in addition to requiring the municipality's accounting and bookkeeping procedures to provide "good internal control," the Rules of the Auditor General specifically require a municipality to (a) Adopt a written plan of organization which specifies the division of duties and areas of responsibilities concerned with accounting and administrative controls relating to the safeguarding of assets, custody of financial records, and the reliability of financial statements. The rules also require a municipality's accounting and bookkeeping procedures to comply with generally accepted accounting principles and good internal control, enable all receipts to be traced from source to deposit, provide an accounting for inventories of materials and supplies and assets, provide documentary support for the disbursement of all money and incurrence of all liabilities, and comply with the Rules of the Auditor General for State-owned Tangible Personal Property in accounting for tangible personal property. Thus, rather than "open the door for the municipalities to operate fiscal matters under verbal instructions," as has been suggested to you, the Rules of the Auditor General referred to above have closed what may have been a loophole under the statute, by specifically requiring municipalities to "provide documentary support for the disbursement of all money and incurrence of all liabilities." (Emphasis supplied.) Accordingly, it must be concluded that the Rules of the Auditor General in question, Ch. 10.500, Annual Postaudit Requirements of Municipalities, have not only carried forward the letter of the statute which they replace, s. 167.611, F.S. 1971, but have significantly clarified its purpose and intent.